United States District Court
Middle District of Florida
Jacksonville Division

**Lisa Maldonado,**

 *Plaintiff,*

v.             No. 3:25-cv-802-MMH-PDB

**Donal John Trump &
James David (J.D.) Vance,**

 *Defendants.*

___

## Report and Recommendation

 The plaintiff, proceeding without a lawyer, has filed a one-page paper titled, "GRIEVANCE." Doc. 1. She alleges that the President of the United States "engaged in an insurrection" and that he and the Vice President "have given aid and comfort to the insurrectionists." Doc. 1. She contends that the President and Vice President must be removed from office under Section 3 of the Fourteenth Amendment. Doc. 1.

 The undersigned ordered the plaintiff to (1) file a signed complaint and (2) apply to proceed without prepaying fees or costs or pay the $405 filing fee by August 18, 2025. Doc. 2. The undersigned attached the form application to the order, explained that an unrepresented litigant must personally sign any paper presented to the court, and directed the plaintiff to resources for unrepresented litigants. The undersigned warned, "If the plaintiff fails to timely comply with this order, the paper will be stricken and the case will be closed." Doc. 2 at 1–2. Since that order, she has filed nothing.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Here, no extreme circumstance is present. Dismissal without prejudice is warranted because the plaintiff failed to comply with the order directing her to file a signed complaint and apply to proceed without prepaying fees or costs or pay the $405 filing fee.

The undersigned **recommends** dismissing the action without prejudice and directing the clerk to close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

2

**Entered** in Jacksonville, Florida, on August 25, 2025.

>Patricia D. Barksdale
>United States Magistrate Judge

c:  Lisa Maldonado
    2368 Oak Hammack Lane
    Orange Park, FL 32065